McKEAGUE, Circuit Judge,
concurring.
I fully concur in the court’s ruling today, but write separately to afford one point of clarification.
The majority opinion states: “The plain language of this section [meaning subsection (1) of 11 U.S.C. § 903] is not limited to bankruptcy proceedings.” True enough. However, § 903(1) does not exist in a vacuum. It is part of, and in fact an exception to, the main point of a longer sentence. The principal purpose of § 903 is to make clear that Chapter 9 of the Bankruptcy Code does not limit or impair State power. In its entirety, § 903 provides:
This chapter does not limit or impair the power of a State to control, by legislation or otherwise, a municipality of or in such State in the exercise of the political or governmental powers of such municipality, including expenditures for such exercise, but—
(1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition; and
(2) a judgment entered under such a law may not bind a creditor that does not consent to such composition.
II U.S.C. § 903.
Thus, subsection (1) is an exception to the general proposition that Chapter 9 does not limit or impair State power. The exception appears to reflect congressional intent that where Chapter 9 is invoked, it does operate to limit or impair State power in relation to the specific type of State law described in subsection (1). Viewed in context, then, the plain language of § 903(1) may be construed to mean, and today’s opinion should not be read to foreclose the possibility, that § 903(1) repre *434 sents a specific limitation on State power only where Chapter 9 has been invoked.